UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KIMBERLY MCCON | CIVIL ACTION |
| VERSUS | |
| FCA US LLC, ET AL. | NO.: 15-00587-BAJ-RLB |

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 14)** filed by FCA US LLC ("Defendant"). In its Motion, the Defendant seeks dismissal of Plaintiff's claim on the ground that Plaintiff cannot demonstrate proximate cause, which is a necessary element of her claim. (Doc. 14). Plaintiff filed a response, Defendant filed a reply, and Plaintiff filed a sur-reply. (Docs. 15, 18, 21). Accordingly, the **Motion for Summary Judgment (Doc. 14)** is DENIED.

I. BACKGROUND

This case arises from a single car accident. (Doc. 1-1 at p. 2). Plaintiff alleges that on or about September 5, 2014, she was driving a 2009 Dodge Ram produced by Defendant on Interstate 10. (*Id.* at 1-2). Plaintiff had owned the vehicle for 5 years, and had driven the vehicle over 100,000 miles. (Doc. 14-3 at p. 2:6-25). While driving the vehicle, Plaintiff alleges that the "driveshaft of her 2009 Dodge Ram separated from the rear differential, causing petitioner to lose control of the vehicle and careen into the center concrete dividing wall." (Doc. 1-1 at p. 1). This particular make and

1

model of the vehicle had been the subject of a recall by the manufacturer. (Doc. 14-4). According to the recall:

> The problem is . . . [t]he rear axle pinion nut on your vehicle . . . may loosen due to undersized pinion shaft splines. A loose pinion nut could cause the rear axle to seize or cause the driveshaft to separate resulting in a loss of motive power. Either situation could cause a crash without warning.

(Doc. 14-4 at p. 1). After the accident, the vehicle was taken to Ralph Sellers, which is a car dealership and repair shop, and repaired. (*See* 15-5 at pp. 1-2). In response to the accident, Plaintiff filed this lawsuit, naming the manufacturer of the vehicle, FCA US LLC and ABC Insurance Company. (Doc. 1-1 at p. 2).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992).

However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263. On the other hand, the non-movant's burden is not satisfied merely upon a showing of "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

Defendant moves for summary judgment on the sole issue that Plaintiff cannot demonstrate that the manufacturing defect in the vehicle caused the accident. (Doc. 14-1 at p. 1). Defendant argues that since the defective part was not preserved, and since Plaintiff presents no other evidence in admissible form that demonstrates a manufacturing defect that caused the accident, Plaintiff cannot demonstrate an issue

3

of material fact as to the issue of proximate cause. (*Id.* at 1-2; Doc. 18 at pp. 1-2). According to the Defendants, Plaintiff has submitted unauthenticated documents, including reports from the repair of the vehicle, and contends that these documents should be considered for the purposes of summary judgment to demonstrate an issue of material fact, and argues in the alternative, that there is sufficient evidence in the record to demonstrate causation. (*See* Doc. 15). Defendant objects to these exhibits in its reply briefing. (Doc. 18 at p. 2).

**A. Admissibility of Plaintiff's Exhibits**

Defendant objects to Docs. 15-5, 15-6, and 15-7. (Doc. 18 at p. 2). Doc 15-5 is an invoice from Ralph Sellers, describing the repair work conducted on Plaintiff's vehicle. (Doc. 15-5). Doc. 15-6 is another invoice from Ralph Sellers that further describes the repair work conducted on the vehicle. (Doc. 15-6). Doc. 15-7 is a Multi VIN Summary Report provided by Ralph Sellers. Plaintiff argues that it reflects that the repairs to Plaintiff's vehicle were performed pursuant to Safety Recall N08. (Docs. 15-7, 15-1 at p. 1). Plaintiff does not attach any affidavits, deposition, or other evidence that attempts to authenticate the documents. Plaintiff's attorney only states in briefing that if this case proceeds to trial, he believes he could authenticate the documents.

"In order for documents to be admissible for purposes of summary judgment, they must be authenticated." *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 742 (E.D. La. 2012). *Accord Johnson v. City of Shelby, Miss.*, 642 F. App'x 380, 383 (5th Cir.), *cert. denied*, 137 S. Ct. 146, 196 L. Ed. 2d 44 (2016). In

4

order to authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Plaintiff has submitted no evidence to authenticate Docs. 15-5, 15-6, and 15-7. Thus, the documents are not authenticated, the Court cannot consider them for the purposes of summary judgment, and Defendant's objections to their admissibility must be sustained.

**B. Proximate Cause**

Plaintiff brings suit pursuant to Louisiana Products Liability Law, La. R.S. 9:2800.56 ("LPLA"). (Doc. 1-1 at p. 3). To maintain a cause of action under LPLA a plaintiff must demonstrate, "(1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous;' and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002).

The only element Defendant moves for summary judgment on is the issue of proximate cause. (Doc. 14-1 at p. 3). Defendant argues that, based on the evidence in the record, Plaintiff cannot demonstrate an issue of material fact as to causation. (*Id.*).[1] Plaintiff argues that 1) the evidence located in Docs. 15-5, 15-6, and 15-7, which she attached to her opposition, demonstrate an issue of material fact, and 2) even if

---

[1] Defendant also preemptively raises in its Motion that Plaintiff cannot rely on *res ipsa loquitur* to prove causation. (Doc. 14-1 at p. 5). Plaintiff never provides briefing or authority to support this theory, and thus, the issue of *res ipsa loquitur* is inapposite at this point.

5

the evidence attached is inadmissible, there is enough evidence in the record that a reasonable jury could conclude that the defect caused the accident. (Doc. 15 at p. 3). Because the Court has sustained Defendant's objection to Plaintiff's evidentiary submissions, the sole remaining issue is whether, based on the admissible evidence in the record, a reasonable jury could find that the product defect caused Plaintiff's accident.

Causation is demonstrated by a showing that the defect contributed to the injury. *See Charles v. Bill Watson Hyundai, Inc.*, 559 So. 2d 872, 874 (La. Ct. App.), *writ denied*, 563 So. 2d 1154 (La. 1990). Defendant's argument on this point is that Plaintiff cannot demonstrate that the accident was caused by the recall defect without expert testimony. (Doc. 14-1 at p. 7). However, even the cases cited by Defendant do not definitively conclude that causation requires expert testimony, only that expert testimony is *favored*. *See Haskins Trucking Inc. v. Goodyear Tire & Rubber Co.*, No. CIV.A. 07-0585, 2008 WL 1775272, at *5 (W.D. La. Apr. 17, 2008) (recognizing that courts generally favor expert testimony in products liability cases); *Arant v. Wal-Mart Stores, Inc.*, No. 13-CV-2209, 2015 WL 1419335, at *4 (W.D. La. Mar. 26, 2015), *aff'd*, 628 F. App'x 237 (5th Cir. 2015) ("While expert testimony *is not mandatory* in LPLA cases, it is strongly favored under Louisiana law."). In fact, it is equally clear to the Court that "at times, 'background knowledge and common sense' are enough for a reasonable juror to infer the cause." *Id.* at *5.

Further, a review of the evidence in the record persuades the Court that a reasonable jury *could* find the defect caused the accident, although this is a close case.

The description of the accident that Plaintiff suffered was nearly identical to the description of potential accidents attributable to the defect described in the recall notice. (*See* Doc. 14-4 at p. 1). The recall notice warned that the defect on a 2009 Dodge Ram could "cause the driveshaft to separate" from the rear differential, which causes a "crash without warning." (*Id.*). In this case, Plaintiff alleges that the driveshaft of her 2009 Dodge Ram separated from the rear differential, causing a crash without warning. (Doc. 1-1 at p. 2). In fact, even Defendant's own expert indicated that the recall defect is a possible cause for the accident Plaintiff suffered. (Doc. 14-7 at p. 6). Accordingly, a reasonable jury may conclude that the defect caused the accident.

IV.  **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant FCA US LLC's **Motion for Summary Judgment (Doc. 14)** is **DENIED**.

Baton Rouge, Louisiana, this 1st day of June, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**