UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM MCCON** | **CIVIL ACTION** |
| **VERSUS** | |
| **FCA US LLC** | **NO.: 15-00587-BAJ-RLB** |

### RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 60)** filed by FCA US LLC ("Defendant"), the **Consolidated Motions for Modification of Scheduling Order and Continuance of Trial Date (Doc. 63)** filed by Kim McCon ("Plaintiff"), the **Motion for Leave to File Rule 26 Expert Disclosure (Doc. 77)** filed by Plaintiff, and the **Motion to Strike Untimely Disclosed Expert Witness (Doc. 79)** filed by Defendant. Each party filed responses (Docs. 72, 73) and a reply (Doc. 76) where applicable. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. Oral argument is not necessary.

### I. BACKGROUND

Plaintiff filed the instant action on or about August 24, 2015, seeking to recover damages sustained in a September 5, 2014 car accident under the Louisiana Products Liability Act, La. R.S. § 9:2800.51 *et seq.* ("LPLA"). Plaintiff alleges that the accident was caused by the separation of her vehicle's drive shaft from its rear axle, allegedly attributable to a design defect in the rear axle pinion nut as described in an open automobile safety recall issued by the vehicle's manufacturer.

On September 23, 2016, Defendant filed a Motion for Summary Judgment (Doc. 14), arguing, *inter alia*, that Plaintiff could not prove that the alleged auto defect was the proximate cause of the collision under the LPLA because she lacked expert testimony and other relevant evidence. (Doc. 14 at pp. 7-8). The Court denied Defendant's motion, holding that "a reasonable jury *could* find the defect caused the accident" based on the evidence available in the record. (Doc. 44 at p. 6). Particularly relevant to the instant motion, the Court found that Plaintiff could possibly prevail at trial without offering any expert testimony on the issue of proximate causation because of the nature of the evidence Plaintiff intended to produce in support of that element. (*Id.* at pp. 6-7).

In response to the Court's ruling on the original motion for summary judgment, and after the United States Court of Appeals for the Fifth Circuit issued an opinion bearing on issues addressed in the Court's ruling, Defendant filed a second Motion for Summary Judgment (Doc. 60) re-urging the same arguments previously denied by the Court in its Ruling and Order on Defendant's first motion for summary judgment. Plaintiff then filed two motions. The first requests that the Court modify the Scheduling Order to extend the expert discovery deadline and continue the trial date. (*See* Doc. 63). Through the second motion, Plaintiff seeks leave to file an expert disclosure under Federal Rule of Civil Procedure ("Rule") 26, and to designate Dr. Robert McElroy as Plaintiff's expert witness in the fields of accident reconstruction and automotive failure analysis. (*See* Doc. 77). Defendant has filed a motion to strike Plaintiff's newly disclosed expert witness. (*See* Doc. 79).

## II. DISCUSSION

### A. THE *STEWART* OPINION

On May 30, 2017, the Fifth Circuit issued an opinion in *Stewart v. Capital Safety USA*, __ F. App'x --, 2017 WL 2347612 (5th Cir. May 30, 2017) (*per curiam*). In *Stewart*, the appellants challenged the district court's holding that they did not provide competent summary judgment evidence that would raise a genuine dispute of material fact as to proximate causation on their defective design and inadequate warning claims against Capital Safety, the manufacturer of the fall protection body harness that the appellants' son was wearing at the time of an accident that caused his death. *Stewart*, 2017 WL 2347612, at *1. In affirming the district court's holding, the Fifth Circuit noted that although expert testimony is not required in every LPLA case, and notwithstanding the principle that there are situations in which a factfinder may rely on background knowledge and common sense to fill in the gaps of a products liability case without the aid of expert testimony, expert testimony is required in cases that are of "sufficient complexity to be beyond the expertise of the average [factfinder]" and that "common sense" does not "make[ ] obvious." *Id.* at *4. Because appellants' expert testimony on causation was excluded under *Daubert* by the district court, and because appellants had no other evidence or expert testimony to support their position on the issue of causation, the Fifth Circuit held that summary judgment on appellants' claims was warranted. *Id.*

## B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On June 9, 2017—without leave of Court and eight months after the dispositive motions deadline had passed—Defendant filed its second motion for summary judgment, asserting that the *Stewart* opinion mandated that the Court grant Defendant's motion on the issue of proximate causation. (Doc. 60-1). Specifically, Defendant asserts that the Fifth Circuit's holding in *Stewart* clarified the controlling law relative to the standard of proof in LPLA cases such that Plaintiff cannot prevail on her claim without offering expert testimony on the issue of proximate causation. (Doc. 60-1 at pp. 3-6).

Notwithstanding Defendant's legal assertions, the Court finds that it need not address the merits of Defendant's motion for summary judgment at this juncture. Defendant filed its motion without having followed the proper procedural mechanism before doing so.[1] That is, Defendant failed to seek leave of Court to file its motion outside the deadlines previously set by the Court or to request that the dispositive motions deadline be extended to accommodate the timing of Defendant's pleading.[2] Accordingly, the Court will exercise its authority under Federal Rule of Civil Procedure 16(f) to strike Defendant's motion from the record. *See Falk v. Wells Fargo Bank*, No. 3:09-CV-678-B, 2011 WL 3702666, at *3 (N.D. Tex. Aug. 19, 2011) (striking an untimely pleading from the record for failure to state good cause to extend the

---

[1] The Court notes that Defendant's assertions would have best been presented in a motion for reconsideration under Federal Rule of Civil Procedure 59 or 60.

[2] Defendant acknowledges that the dispositive motion deadline had passed at the time its motion for summary judgment was filed. (*See* Doc. 60-1 at p. 1). However, other than that blanket acknowledgement, Defendant fails to offer any explanation at all for its tardy filing.

4

dispositive motions deadline under Federal Rule of Civil Procedure 16). As such, Defendant's motion for summary judgment is **DENIED**.

### C. PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER

On June 12, 2017, Plaintiff filed a motion requesting that the Court modify the existing scheduling order under Federal Rules of Civil Procedure 16(b)(4) and 56(d), arguing that, in light of the Fifth Circuit's opinion in *Stewart* and Defendant's motion for summary judgment, the Court should extend the deadline for designating an expert witness on the issue of proximate causation. (Doc. 63-1). Defendant counters that Plaintiff is not entitled to relief under Rule 16(b) or Rule 56(d), the gravamen of that assertion being that because Plaintiff made a deliberate choice to pursue her claim without supporting expert testimony, she may not now seek a post-discovery extension of the deadline to do such. (*See* Doc. 72). Because the Court has already denied Defendant's motion for summary judgment, the Court will pretermit discussing whether Plaintiff is entitled to relief under Rule 56(d).

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Courts consider four factors in determining whether to allow a party to disclose an expert or submit an expert report beyond the deadline set in the

5

court's scheduling order: "(1) the explanation for the failure to [disclose an expert or] submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

In support of the first factor, Plaintiff argues that the evidence previously submitted in support of the contested element of her *prima facie* case was sufficient—without the support of expert testimony—to create a genuine dispute of material fact such that no additional evidence needed to be acquired. (Doc. 63-1 at pp. 3-4). Notwithstanding, Plaintiff argues that because of what Defendant has characterized as the "clarifying" opinion in *Stewart*, and Defendant's subsequent filing of a motion for summary judgment on the basis of that opinion, she should be granted leave to retain an expert to provide testimony on the issue of proximate causation. (*Id.*). Defendant counters that Plaintiff has not offered a satisfactory reason for her failure to complete expert discovery within the deadlines set by the Court. (Doc. 72). Specifically, Defendant argues that Plaintiff was intentional in her decision to forego acquiring expert testimony in support of her claim and should not now be rewarded for her decision. (*Id.*).

As is becoming a pattern in this case, the outcome of this factor is not explicitly clear. There is no dispute that Plaintiff made a deliberate decision to forego acquiring an expert to opine on whether the recall defect was the proximate cause of her accident, a decision that the Court validated in its Ruling and Order on Defendant's

first motion for summary judgment. (*See* Doc. 44). However, Plaintiff's choice is not attributable to a lack of diligence, but instead to her reasonable interpretation of the evidentiary standard the law imposes on persons pursuing products liability claims. Because the *Stewart* opinion makes clear—to both the Court and to Plaintiff—that expert testimony is preferred in almost all LPLA cases, including those where other evidence is sufficient to create a genuine dispute of material fact relative to the issue of proximate causation, the Court finds that Plaintiff has presented a valid explanation for her failure to abide by the expert discovery deadlines previously set by the Court. Accordingly, the Court finds that this factor narrowly favors Plaintiff.

In support of the second factor, Plaintiff asserts that although she still believes her case is an exception to the standard articulated in *Stewart*, the opinion and Defendant's second motion for summary judgment "nonetheless demonstrate[] the importance of expert testimony." (Doc. 63-1 at p. 2). As Defendant noted, the importance of the proposed testimony is undisputedly great. Without going so far as to say the *Stewart* opinion altered the evidentiary requirements for demonstrating an essential element of an LPLA claim, the opinion does underscore the importance of providing expert testimony in LPLA cases even if the other evidence in the record is enough on its own to create a genuine dispute of material fact relative to a disputed element.[3] As such, the proposed testimony—while not crucial—is important for Plaintiff's claim.

---

[3] The Fifth Circuit in *Stewart* made clear that the appellants, whose expert's testimony and report was deemed inadmissible by the trial court, could cite to no additional evidence in support of proximate causation that would raise a genuine dispute of material fact as to that element. *See Stewart*, 2017 WL 2347612, at *2. In contrast, Plaintiff in this case has identified evidence sufficient to demonstrate

Concerning potential prejudice to Defendant, Defendant argues that amending the Scheduling Order to extend the expert disclosure deadline would cause great expense and extend this litigation needlessly, neither of which it believes would be cured by an extension of the trial date. (Doc. 72 at p. 10). Plaintiff acknowledges that Defendant might experience prejudice in the form of additional expense, but proposes that the Court consider the additional expense as an aspect of litigation. (Doc. 63-1 at p. 3). Notwithstanding Plaintiff's willingness to include future expenses associated with her late designation in a potential award of attorney's fees, the Court cannot discount the prejudicial effect that extending the trial date to accommodate Plaintiff's newly designated expert would create. As such, the final two factors weigh in favor of Defendant.

On the whole, the Court finds that there is good cause to extend the expert disclosure deadline to allow Plaintiff to designate its proposed expert on the issue of proximate causation. The proposed testimony will provide Plaintiff an opportunity to comply with the Fifth Circuit's most recent articulation of the evidentiary standard in LPLA cases. Further, the Court will give Defendant an opportunity to file any evidentiary or dispositive motions relative to Plaintiff's proposed expert.

---

that a genuine dispute of material fact exists on the issue of proximate causation, including the recall notice describing the nature of the potential defect and potential accidents attributable to the alleged defect, as well as the testimony of Defendant's expert citing the recall defect as a possible cause, among many possible causes, for Plaintiff's accident.

## III. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 60)** filed by FCA US LLC is **DENIED** as **STRICKEN**.

**IT IS FURTHER ORDERED** that the **Consolidated Motions for Modification of Scheduling Order and Continuance of Trial Date (Doc. 63)** filed by Kim McCon is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Rule 26 Expert Disclosure (Doc. 77)** filed by Kim McCon is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Strike Untimely Disclosed Expert Witness (Doc. 79)** filed by FCA US LLC is **DENIED**.

**IT IS FURTHER ORDERED** that FCA US LLC shall traverse Kim McCon's proposed expert within 21 days of this Ruling and Order.

**IT IS FURTHER ORDERED** that FCA US LLC shall file any evidentiary or dispositive motions relative to Kim McCon's proposed expert on or before **Friday, August 18, 2017.**

IT IS FURTHER ORDERED that the **jury trial** in this matter, currently scheduled for August 7-8, 2017, is hereby **RESET** for **October 23-24, 2017, at 9:00 a.m. in Courtroom 2**.

Baton Rouge, Louisiana, this 19th day of July, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**