UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KIM MCCON | CIVIL ACTION |
| VERSUS | |
| FCA US LLC | NO.: 15-00587-BAJ-RLB |

## RULING AND ORDER

Before the Court are the **Motion in Limine to Exclude Reference to Dealership as "Agent" of FCA US LLC or to "Scrap Order" (Doc. 27)** and the **Omnibus Motion in Limine (Doc. 29)** filed by FCA US LLC ("Defendant"). Kim McCon ("Plaintiff") filed a memorandum in opposition. (Doc. 31). The Court held an evidentiary hearing on May 18, 2017. (Doc. 46).

Defendant seeks to preclude Plaintiff from referring to Ralph Sellers, a Chrysler automobile dealership, as an "agent" of Defendant, the American subsidiary of Fiat Chrysler Automobiles. (Doc. 27). Defendant argues that because Ralph Sellers is an independently owned and operated dealership it does not have an agency relationship with Defendant. (Doc. 27-1 at p. 2). Plaintiff argues that it will present evidence at trial that Ralph Sellers is an agent of Defendant for the limited purpose of recall repairs based on a recall notice and other testimony. (Doc. 31 at p. 6-8). Defendant also seeks to preclude Plaintiff from referring to "scrap orders" either as an alleged general corporate practice of Defendant or as a specific instruction to Ralph Sellers in connection with post-incident handling of Plaintiff's vehicle. (Doc. 28-1 at p. 2). Defendant argues that this reference is supported only by

unauthenticated hearsay, it is irrelevant, and it is unfairly prejudicial. (Doc. 27-1 at p. 3). Plaintiff contends that she will present the "scrap order" evidence in an admissible form and lay a proper foundation for its introduction. (Doc. 31 at p. 2-5). At this time, the Court will not preclude Plaintiff from referring to Ralph Sellers as an "agent" of Defendant or referring to "scrap orders." Whether Plaintiff can offer a proper basis for these references may depend on other evidence that is presented at trial and the form in which it is offered. Defendant may, of course, offer specific objections at trial to these references, and the Court will rule accordingly.

Defendant's omnibus motion also attempts to exclude twenty categories of evidence and references that Plaintiff might make or introduce at trial. (Doc. 29-1). Plaintiff stated that she had no "material objection" to any portion of Defendant's motion except for the request contained in Paragraph 20, (Doc. 42 at 27:2-12), in which Defendant sought to require Plaintiff to provide twenty-four hour notice of any witness Plaintiff seeks to call at trial. (Doc. 29-1 at p. 8). The parties resolved this issue during oral argument when Plaintiff agreed to provide Defendant with said notice. (Doc. 42 at p. 29:6-8). Notwithstanding Plaintiff's apparent acquiesce to the provisions outlined in Defendant's omnibus motion, the Court finds that the objections contained therein are premature, and therefore denies the motion, subject to Defendant's ability to offer specific objections at trial.

Accordingly,

IT IS ORDERED that Motion in Limine to Exclude Reference to Dealership as "Agent" of FCA US LLC or to "Scrap Order" (Doc. 27) filed by Defendant is **DENIED**.

IT IS FURTHER ORDERED that Omnibus Motion in Limine (Doc. 29) filed by Defendant is **DENIED**.

Baton Rouge, Louisiana, this 12TH day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA